**Mark OSTERBACK, Plaintiff,**

v.

**Doyle KEMP, et al., Defendants.**

**No. 4:01CV207–RH.**

United States District Court,
N.D. Florida.
Tallahassee Division.

Dec. 13, 2003.

Mark Osterback, pro se, Bushnell, FL, for Plaintiff.

Donna Marie Laplante, Joe Belitzky, Attorney General, Tallahassee, FL, for Defendants.

### ORDER ON RECONSIDERATION OF ORDER GRANTING SUMMARY JUDGMENT IN PART

HINKLE, District Judge.

Plaintiff is an inmate in the Florida Department of Corrections. While at Walton Correctional Institution, he filed grievances and challenged actions of correctional authorities in various respects, often successfully. He was transferred to nearby Santa Rosa Correctional Institution on February 1, 2000. Plaintiff complained of actions of the Santa Rosa librarian, Defendant Barry Zane Rhodes, and filed a grievance against Mr. Rhodes with the Florida Bar, which was promptly dismissed as unfounded. Soon after the dismissal, in September 2000, Mr. Rhodes recommended Plaintiff's transfer to another institution, explicitly based on the filing of the Bar grievance. Plaintiff was transferred to Hamilton Correctional Institution.

By his complaint in this action, Plaintiff asserts that each of these transfers—from Walton to Santa Rosa and later from Santa Rosa to Hamilton—was made in retaliation for Plaintiff's exercise of First Amendment rights. Plaintiff seeks damages and injunctive relief against a number of correctional officials.

Defendants moved for summary judgment. The Magistrate Judge entered a Report and Recommendation (document 110), later corrected in minor respects (document 125), which thoroughly documented the authorities in this area. Neither Plaintiff nor Defendant filed any objections to the Report and Recommendation. On October 15, 2003, I entered an order accepting the Magistrate Judge's recommendation in part. (Document 115.) The October 15, 2003, order granted Defendants' motion for summary judgment in part and denied the motion in part.

In response to the October 15 order, Plaintiff filed a motion asserting he never received a copy of the Report and Recommendation and thus had no opportunity to file objections. Plaintiff styled his motion as one to "alter or amend judgment, or in the alternative, for relief from court's order." But no judgment had (or has) been entered; to the contrary, the order of October 15, 2003, explicitly said, "I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b)." Order

of October 15, 2003 (document 115) at 5, 2003 WL 23217783, 300 F.Supp.2d 1238 (emphasis in original). The order of October 15, 2003, thus was subject to reconsideration at any time.

On November 3, 2003, I entered an order (document 119) directing the clerk to provide Plaintiff a copy of the Magistrate Judge's Report and Recommendation and authorizing Plaintiff to file a renewed motion for reconsideration setting forth the grounds for any objections he might have to that Report and Recommendation or to the order of October 15, 2003. The order of November 3, 2003, advised Plaintiff that the rulings of October 15 would be withdrawn or modified if and only if Plaintiff established that the order was incorrect in any respect.

On December 9, 2003, Plaintiff filed objections to the Report and Recommendation and a motion for reconsideration of the October 15 order. I have reviewed *de novo* the issues raised by Plaintiff, precisely as would have occurred if Plaintiff had received the Report and Recommendation and filed timely objections prior to entry of the October 15 order. Based on such *de novo* review, I conclude that the October 15 order was correct in all respects.

For these reasons,

IT IS ORDERED:

Plaintiff's motion for reconsideration (document 121) is GRANTED to the extent that the order of October 15, 2003, has been reconsidered, but upon reconsideration no changes are made to the substance of the October 15, 2003 order. Defendants' motion for summary judgment (documents 82 and 85) is GRANTED IN PART and DENIED IN PART. Summary judgment is granted with respect to all claims arising from Plaintiff's transfer from Walton Correctional Institution to Santa Rosa Correctional Institution and with respect to all claims for damages arising from Plaintiff's transfer from San-

ta Rosa Correctional Institution to Hamilton Correctional Institution. Summary judgment is granted with respect to all claims against any Defendant in his or her individual capacity. Summary judgment is denied with respect to claims against Defendants in their official capacities for injunctive relief arising from Plaintiff's transfer from Santa Rosa Correctional Institution to Hamilton Correctional Institution. I *do not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b). This matter is remanded to the Magistrate Judge for such further proceedings as may be appropriate.